**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**WILLIAMS HOLDING CORPORATION**

     Plaintiff,

v.                                       CIVIL NO. 8:15-CV-180-T-30TGW

**VI-TEL WIRELESS, LLC, and
JAMES PEARSON and LARRY A.
ROGERS and L. SCOTT ROGERS**

     Defendants.

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Summary Judgment against Defendants (Dkt. 33).  On February 4, 2016, a Notice of Settlement between Plaintiff and Defendant James Pearson was filed (Dkt. 41).  Thus, the Motion for Summary Judgment applies to only Defendants Larry A. Rogers and L. Scott Rogers.

 Defendants Larry A. Rogers and L. Scott Rogers have failed to file any responsive briefs and were ordered to show cause as to the failure to respond (Dkt. 34).  To date, Defendants Larry A. Rogers and L. Scott Rogers have failed to show cause as ordered.

THIS Court, having reviewed the Motion for Summary Judgment, record evidence, and being otherwise advised in the premises, concludes that the Motion should be granted.

## BACKGROUND

On or about March 11, 2013, Defendant, Vi-Tel Wireless, LLC, executed a Revolving Line of Credit Promissory Note ("Note").  The Note specified that FH FACTOR agreed to loan Two

Hundred Fifty Thousand and No/100 Dollars ($250,000.00) to Vi-Tel at an annual fixed rate of twelve percent (12.00 %), plus one percent (1.00%) of the principal on a monthly basis beginning April 1, 2013.  The Note contained a maturity date of March 11, 2014.  Upon maturity, Vi-Tel was required to pay all accrued and unpaid interest and any outstanding principal in full.

Simultaneous to the execution of the Note by Vi-Tel and FH FACTOR, Defendants, James Pearson, Larry Rogers and Scott Rogers, each individually signed a Guaranty (or Guaranties) to the Note.  The Guaranties provided that each guarantor unconditionally guaranteed to FH FACTOR that all sums due and payable from the Note will be promptly paid as due.  The Guaranties also provided that the guarantors "would immediately pay any sums due and payable to FH FACTOR, regardless of: defenses, rights of set-off, counterclaim, whether or not FH FACTOR should have taken any steps to enforce any rights against Vi-Tel or any other person to collect the sum, or any other condition or contingency."  Further, the Guaranties provided that guarantor "shall not be relieved of his obligation due to the occurrence of any circumstance or condition, including but not limited to, modification and/or supplement to the Note, compromise or release with respect to the Note, partial payment and/or assignment of the Note."

The Guarantors also each individually executed a security agreement ("Security Agreements") with respect to the Note.  Pursuant to the terms of the Security Agreements, the Guarantors each pledged their respective percentage of interest in Vi-Tel as collateral for the Note. The Security Agreements allowed for the secured party to accelerate all indebtedness to be immediately due and payable, and exercise all rights and remedies of a secured creditor upon default of the Note or Security Agreements.  The Security Agreements also allowed for the secured party to acquire the collateral upon default of the Note or Security Agreements.

On June 17, 2013, Defendants executed a Modification of Loan Documents ("Modification") consolidating all of the documents previously executed and stipulating that the outstanding balance of the Note was Two Hundred Forty Thousand and No/100 Dollars ($240,000.00). The Modification further stipulated that the maximum principal amount of the loan would be increased to Three Hundred Thousand and No/100 Dollars ($300,000.00). The Modification also provided that Vi-Tel shall not make payments on any other debt obligation except minimum payments on other revolving obligations without the consent of FH FACTOR.

Following the execution of the modification, Vi-Tel defaulted and the Guarantors became obligated to FH FACTOR for the unpaid principal, interest, penalties, costs, and attorney's fees.

On or about January 1, 2014, FH FACTOR's rights as set forth in the Note, Security Agreements, Personal Guaranties, and subsequent Modification of Loan Documents were assigned for valuable consideration to Plaintiff Williams Holding Corporation.

Roy Williams, an officer of Plaintiff Williams Holdings Corporation, states that the total unpaid principal plus interest of the debt owed by the Defendants was $290,418.27, as of December 15, 2015.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment should be rendered if the pleadings, discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The movant must "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 2553 (1986).

When the movant carries its burden, the burden shifts to the non-moving party to go beyond the pleadings and come forward with evidentiary materials which show there is a genuine issue of

material fact. *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991). If the nonmovant's response consists of nothing more than a repetition of conclusory allegations, the district court must enter summary judgment in the moving party's favor. *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir. 1981).

To avoid summary judgment, a non-moving party must direct the court's attention to evidence in the record which demonstrates that it can satisfy a fair-minded jury that it is entitled to verdict in its favor. *Earley v. Champion Int'l. Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

The mere existence of some factual dispute between the parties will not defeat a summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505 (1986). Only genuine issues of material fact will defeat the motion. *Id.; accord Barfield v. Brierton*, 833 F.2d 923, 933 (11th Cir. 1989). An issue of fact is "material" if it is a legal element of a claim under the applicable substantive law and one which might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005).

All justifiable and reasonable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co.*, 475 U.S. 574, 106 S. Ct. at 1356; *Hill v. Wayland*, 74 F.3d 1150, 1152 (11th Cir. 1996). However, if the record, viewed in this light, could not lead a rational trier of fact to find for the non-movant, then summary judgment is appropriate. *Bedoya v. Travelers Property Cas. Co. of Amer.*, 773 F. Supp. 2d 1326, 1329 (M.D. Fla. 2011) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. 574, 106 S. Ct. at 1348).

## DISCUSSION

Having reviewed the record and all of its inferences, in the light most favorable to the nonmoving parties, the Court concludes that Plaintiff is entitled to an entry of final summary judgment against Defendants Larry A. Rogers and L. Scott Rogers on the issue of liability and damages pursuant to the Note and Guaranties. Defendants have failed to demonstrate a genuine issue as to the indebtedness owed to Plaintiff.

The Note and Guaranties provide that Florida law will govern. "Under Florida law, the elements for a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." *Wells Fargo Bank v. S. Boys Inv. Group, LLC*, 2011 WL 2446594, at *2 (M.D. Fla. May 26, 2011) (quoting *J.J. Gumberg Co. v. Janis Servs.*, 847 So. 2d 1048, 1049 (Fla. 4th DCA 2003)). "A promissory note, mature and regular on its face, is admissible into evidence without extrinsic proof of its execution or authenticity and, as evidence, is sufficient to establish a prima facie case. All attacks upon it, or the debt it represents, must be made by way of affirmative defenses as to which the burden of proof is on the defense." *Haycook v. Ostman*, 397 S. 2d 743, 743-44 (Fla. 5th DCA 1981).

"A guaranty is a collateral promise to answer for the debt or obligation of another." *Fed. Deposit Ins., Corp v. Univ. Anclote, Inc.,* 764 F. 2d 804, 806 (11th Cir. 1985). "In Florida, the elements of an action for breach of a guaranty arise from a debtor's default and the guarantor's subsequent failure to pay." *Bank First v. Guillem*, 2009 WL 1930190, at *5 (M.D. Fla. 2009). The rules governing contracts apply generally to guaranty contracts. *Lockheed Martin Crop v. Galaxis USA, Ltd.*, 222 F. Supp. 2d 1315, 1325 (M.D. Fla. 2002). Thus, the three elements of breach of contract in Florida, (1) valid contract (2) a material breach, and (3) damages, are the relevant elements of a guaranty.

Plaintiff supports its motion for summary judgment with the Affidavit of Roy Williams, an authorized signatory and custodian of business records for Plaintiff Williams Holding Company.  Based on his personal knowledge of the accounts, Roy Williams states:

1.      Williams Holding Company is the Assignee of the Promissory Note dated March 11, 2013 ("Note").

2.      Williams Holding Corporation is the Assignee of the Guaranties simultaneously also executed on March 11, 2013, by James Pearson, Larry Rogers, and Scott Rogers.

3.      Williams Holding Corporation is the Assignee of the Modification of Loan Documents dated June 17, 2013 ("Modification").

4.      As of December 15, 2015, there was due and owing to Williams Holding Corporation on the Note, Guaranties, and Modification, the unpaid principal plus interest sum of Two Hundred Ninety Four Hundred Eighteen and 27/100 Dollars ($290,418.27), plus attorney's fees and costs.

5.      Pursuant to the express provisions of the Guaranties described herein, Defendants Larry Rogers and Scott Rogers are each personally responsible for the debts described above as they failed to pay $290,418.27 upon demand as required pursuant to the terms of the agreements.

Defendants have failed to show any disputed material facts precluding summary judgment on the issue of liability under the instruments.  Accordingly, the undisputed material facts establish Plaintiff's entitlement to recovery under the Note and Guaranties.  Therefore, Plaintiff is granted summary judgment against Defendants Larry A. Rogers and L. Scott Rogers on the issue of liability and damages under the Note and Guaranties.

It is therefore **ORDERED AND ADJUDGED** that:

1.  Plaintiff's Motion for Summary Judgment against Defendants Larry A. Rogers and L. Scott Rogers (Dkt. 33) is GRANTED to the extent stated herein.

2.  The Clerk of Court is directed to enter Final Judgment in Plaintiff's favor and against Defendants Larry A. Rogers and L. Scott Rogers, jointly and severally, in the amount of $295,669.39, which reflects principal and interest to the current date.  This judgment amount shall accrue post-judgment interest at the federal statutory rate.

3.  The Clerk of Court shall close this case and terminate any pending motions as moot.

4.  The Court reserves jurisdiction on the issue of Plaintiff's entitlement to a reasonable amount of attorney's fees.  Plaintiff's motion on this issue shall be filed within fourteen (14) days of this Order and shall file billing records in support of same.

DONE AND ORDERED in Tampa, Florida on February 11th, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2015\15-cv-180 msj 33.docx